RATLIFF, Appellant, v. MAGEE et al.

### In Banc, December 3, 1901.

1. **Final Settlement: NECESSARY NOTICE BY PUBLICATION.** The statute required that the notice for the final settlement of an estate should be "published for four weeks" prior to the term. *Held*, that this statute required a notice to be published for four weeks or twenty-eight days prior to the beginning of the term, but did not require that four weeks should intervene between the date of the last publication of the newspaper and the first day of the term; and, hence, a notice published in a newspaper on March 24, March 13, April 7, and April 14, prior to the beginning of the term on May 8, met the requirements of the statute and was sufficient.

2. **Reopening: DISCOVERY OF NEW ASSETS.** If the final settlement has been made after proper statutory notice and is otherwise valid, and the administrator discharged, the probate court can not set the final settlement aside on the discovery of real estate not theretofore inventoried, at the prayer of a creditor of the estate whose claim had been duly presented, allowed, classified and not paid. In such case, his discharge is *res adjudicata*. But an administrator *de bonis non* must be appointed, and a new administration opened.

Appeal from Macon Circuit Court.—*Hon. Andrew Ellison, Judge.*

AFFIRMED.

*Dysart & Mitchell* for appellant.

(1) Final settlement without the statutory publication has not the force and effect of a judgment. Van Liew v. Beverage Co., 144 Mo. 509; State ex rel. v. Donegan, 83 Mo. 374; s. c., 12 Mo. App. 190. Judgment without notice is void, even in collateral attack. 1 Black on Judgments, sec. 220.ᐟ (2) The motion of appellant was filed within three years against

the judgment approving the pretended final settlement, and by statute judgments may be set aside for irregularity. R. S. 1889, sec. 2235; Dysart, Adm'r, v. Austin, 36 Mo. 47; Showles v. Freeman, 81 Mo. 540; Brewer v. Dinwiddie, 25 Mo. 352. The judgment was in May, 1893, and makes no finding on sufficiency of the notice, but is silent thereon. The motion was filed February, 1896, and is a direct attack on the judgment. It is admitted that the notice in this case is one week short. The notice itself, which is a part of the judgment roll, shows this defect and was placed in evidence by the objectors. Such defective service appearing on the judgment roll, the judgment may be impeached collaterally. 1 Black on Judgments, sec. 263; Cloud v. Inhabitants of Pierce City, 86 Mo. 357; Crow v. Meyersieck, 88 Mo. 415; McClanahan v. West, 100 Mo. 321; Johnson v. Baker, 38 Ill. 98; Francis v. Evans, 90 Mo. 74; Mulvey v. Carpenter, 78 Ill. 583; Hutchinson v. Shelley, 133 Mo. 412. (3) Even if it should be admitted that proper notice of final settlement was given, the final settlement and the judgment approving the same are not conclusive of matters not contained therein. The real estate was never inventoried and administered on, nor sold for payment of decedent's debts. 2 Woerner's Amer. Law of Administration, sec. 506, p. 1128, and section 570, and cases cited; Kelley's Probate Guide, p. 316; 2 Black on Judgments, sec. 644; Nelson v. Barnett, 123 Mo. 564; Bramell v. Adams, 146 Mo. 70; State ex rel. v. Stuart, 74 Mo. App. 182; Field v. Hitchcock, 14 Pick. 405; Griffith v. Godey, 113 U. S. 93. "The effect of that settlement as a discharge of the executor was limited to the estate of which she made settlement." Davis v. Eastman, 66 Vt. 651; s. c., 68 Vt. 225; Lucick v. Medin, 3 Nevada 93. (4) There may be more than one final settlement concerning the same estate, for the administrator is unquestionably liable for assets received after the final accounting. Woerner's American Law of Administration, sec. 506, p. 1129, and cases cited; Kelley's Probate Guide, 316.

*Ben Eli Guthrie* for respondents.

(1) Defective service, notice or publication is wholly insufficient to warrant an attack upon a judgment. Leonard v. Sparks, 117 Mo. 103; s. c., 63 Mo. App. 585; Kane v. McCowen, 55 Mo. 195; Johnson v. Gage, 57 Mo. 160; State v. Evans, 83 Mo. 322; Thompson v. Railroad, 110 Mo. 154. (2) However defective the service or notice, the fact that the party appears, or the court makes a special finding, cures such defect. Dunham v. Wilfong, 69 Mo. 358. Judgment recites: "Plaintiff files his final settlement, files proof of notice of final settlement and asks that the same be approved and made final, and he be discharged from said trust. And the court hears and examines the same and finds," etc. The balance found due is ordered paid on the demand of A. E. Ratliff, the sole appellant here, and the only party assailing the judgment. The court does not stop here, but finds that the administrator files the receipt of this identical A. E. Ratliff for the sum designated and on that finding discharges the administrator. So appellant was in court, made no objection to the notice as he might, but tendered his receipt and got his money. So far as he is concerned, it is the same as if the most invincibly perfect notice had been given. Crow v. Myersieck, 88 Mo. 415; Lingo v. Burford, 112 Mo. 155; Shanklin v. Francis, 67 Mo. App. 463; Coleman v. Dalton, 71 Mo. App. 24; Howland v. Railroad, 134 Mo. 479. (3) The notice of final settlement in this case was sufficient and the judgment is the law of the land. Sec. 232, R. S. 1899; Gray v. Worst, 129 Mo. 130. And this court in Cruzen v. Stephens, 123 Mo. 346, holds that four successive insertions is a publication for four weeks and adheres to the doctrine of Haywood v. Russell, 44 Mo. 252. The court says: "We consider that the rule it declares has become a rule of property, on the faith of which great numbers of titles founded on judicial sales depends." The case of Burnes v. Burnes, 61 Mo. App. 619, follows the same ruling. The uni-

form practice has been to publish notice of final settlement in four editions of the weekly paper and the setting aside of that rule would open nearly every estate in the State to further administration and disturb the title to more than half the property in the State. The case of Munday v. Leeper, 120 Mo. 417, is out of line with all the other cases, both prior and subsequent, and can only be explained, if explainable at all, by some special meaning given. Sec. 86, R. S. 1899. Here the publication had four insertions and it was more than four weeks from the last insertion to the filing of the final settlement on the first day of the term.

VALLIANT, J.—This controversy arises out of an effort on the part of appellant, who is a creditor of the estate of John Brooks, deceased, to open the administration, of which there has been apparently a final settlement, and bring in for further administration assets alleged to have been omitted.

Appellant obtained a judgment against the intestate in his lifetime, which was duly exhibited to the probate court and placed in the fourth class of allowed claims. There were also creditors in the fifth class. Upon the alleged final settlement there was a balance found due by the administrator of $293, which was ordered by the court to be paid to appellant, he being the only holder of a fourth-class claim, and it was adjudged that upon such payment the administrator be discharged. That was May 13, 1893. The probate court records also declare that the payment was made and the administrator discharged. This payment left a balance due on appellant's claim which, at the beginning of the present controversy, February 10, 1896, amounted to $623.13. Nearly three years after this alleged final settlement, appellant claims to have discovered that there was a tract of 120 acres of land in Macon county, which belonged to the intestate at his death, and which should have been included in the assets of the estate and subjected, in the course of administration, to the payment of debts. Thereupon, appel-

lant filed his petition in the probate court, reciting the facts as above outlined, and stating that the administrator had failed to give the notice required by the statute of his intention to make a final settlement, and praying that the order purporting to be a judgment of final settlement be set aside, and the administrator be directed to proceed with the administration as if no order as of final settlement had been made, and to draw into the administration the overlooked and unadministered assets. The probate court made the order as prayed, and proceeded to order a sale of the lands as unadministered assets needed for the payment of debts, when an appeal was taken by the heirs of the intestate to the circuit court.

Upon the trial in the circuit court the facts above mentioned were shown, and it also was shown that the notice given by the administrator of his intention to make final settlement was in due form and was published in a weekly newspaper in the county, March 24, March 31, April 7 and April 14, 1893. The first day of the next term of the probate court was May 8, and the judgment of final settlement was rendered May 13, 1893. The finding and judgment of the circuit court were in favor of the heirs, and denied the petition for sale of the land. The petitioning judgment creditor appeals.

The appellant's whole case is bottomed on the proposition that the notice given was not that required by the statute. There are other points discussed in the briefs, but if the notice is found to be sufficient it disposes of the case.

Notice of publication in a newspaper is required by our laws in various instances, but the language used in the statute for cases of one kind is different from that used for those of another kind, and the words used must be interpreted according to their place in the context. This is illustrated by decisions construing our various statutes. In Haywood v. Russell, 44 Mo. 252, the court was dealing with the statute requiring publication of notice to a non-resident in an attachment suit,

Vol 165 mo—30

the language of which was "the publication shall be for four weeks successively, published at least once a week, the last insertion to be at least four weeks [now fifteen days] before the commencement of the term at which the defendant is required to appear." [Sec. 581, R. S. 1899.] The words "for four weeks" in that sentence are qualified by the words that follow. The literal call of that statute is for a publication of the notice once a week for four successive weeks, which is not the same as a notice for four weeks. Once a week means once in a week, once at any time within the week. So that if the first day of the week should be the first day of the month, and if the notice should be published on the 7th, 14th, 21st and 28th, it would be once a week for four weeks successively; although it would not cover a period of four weeks, yet such a publication of the last insertion four weeks (now fifteen days) before the return term of the court would be a literal compliance with the statute, and it was so held in that case.

In Munday v. Leeper, 120 Mo. 417, the question was whether the claim of a creditor was barred because it had not been exhibited to the administrator within two years after letters granted, as provided in section 185, Revised Statutes 1899. The notice of granting of letters was published 12th, 19th and 26th of August, 1881. The claim was exhibited to the administrator August 21, 1893. The statute required the notice to be published three weeks. Notice in such case is not completely given until it has been published for three weeks and the statute of limitation does not begin to run until the notice is fully given. Therefore, the three weeks notice had not been given two years before the date of exhibiting the claim to the administrator, and it was held the claim was not barred. Where an event is to occur after a prescribed notice is given, it can not occur before the notice is completely given as prescribed. In that case the event to occur was the beginning to run of the special statute of limitations; that event did not occur until three weeks' notice had been given. But in such case as soon as

the three weeks are covered the statute begins to run; it does not wait to begin three weeks after the last publication.

In Young v. Downey, 145 Mo. 250 (same case on second appeal, 150 Mo. 317), the statute construed was that requiring notice to heirs when land was to be sold by the administrator to pay debts.    The requirement of that statute is:    "Such notice shall be published for four weeks in some newspaper in the county in which the proceedings are had .... before the term of the court at which any such order will be made."    [Sec. 148, R. S. 1899.]    There the law does not call for a publication once a week for four weeks successively, but it calls for a publication of the notice for a period of four weeks.    In that case the notice had been published once a week during four successive weeks, but the first publication was September 8, and the first day of the term of court to which it was returnable was October 2, so that a period of only twenty-five days from first to last was covered by the notice and we held that the statute was not satisfied, that there must be full four weeks notice and that four weeks covered twenty-eight days.    But we did not hold that the statute required a space of four weeks between the day of the last publication and the first day of the term of the court.

In a recent case, Russell v. Croy, 164 Mo. 69, we interpreted the clause in our Constitution relating to the notice to be given of a proposed constitutional amendment, and decided that the clause "weekly .... for four consecutive weeks next preceding the general election then next ensuing," designated the particular weeks in which the notice was to be published and required a publication once in each of those specified weeks.

These decisions are not in discord, and they are cited to show the importance of observing the difference in the context and purpose of the statute under discussion from those of other statutes in which like terms are used.

The statute we are now to construe directs that an administrator, at the first regular term of the court after two years

from the date of publication of notice of his letters, shall make final settlement, "having first published for four weeks prior thereto, in some newspaper published and circulated in the county, when such settlement is to be made, if there be one, and if there be none published in said county, then by ten printed handbills put up in ten public places in such county, a notice to all creditors and others interested in the estate that he intends to make such final settlement at the next term of the court." [Sec. 232, R. S. 1899.] As in compliance with this requirement, the administrator, in the case at bar, published the notice March 24, March 31, April 7 and April 14. The first day of the term of court to which the notice was addressed was May 8. Thus between the date of the first publication and the first day of the term, there was a period of more than four weeks, but between the date of the last publication and the first day of the term was a space of only twenty-four days. To hold the notice to be not sufficient in this case we must say that the statute requires not only that it be continued through a period of four weeks, but also that there must be a space of four weeks between the last insertion in the newspaper, and the first day of the term of court, to which it is addressed, that it must be a notice continuing four weeks, and ending four weeks before the term, embracing, from first to last, eight weeks. That would be a very material judicial amendment to the statute. The statute only calls for a publication to run through a period of four weeks from first to last before the first day of the term of court. It will be noticed that in case there is no newspaper in the county, then the statute requires the publication for four weeks to be by posting printed handbills in ten public places in the county. There is the very same period of time required when handbills are resorted to that there is when a newspaper is employed, and we should have to say that there must be eight weeks between the first posting of the handbills and the first day of the term of the court, if we say that the law requires that space of time between the first insertion of the notice in the

newspaper and the first day of the term.   The law does not mean that.   If it is a case for handbills, it is sufficient if they are posted and so remain four weeks, or twenty-eight days before the first day of the term, and it is so if a newspaper is used.

The notice of final settlement in this case was sufficient and the discharge of the administrator is *res adjudicata.*

If, after an administrator has been duly discharged, assets of the estate are discovered which had not been drawn into the administration, and there remain unsatisfied duly allowed claims of creditors, the old administration can not be reopened and revived, but an administrator *de bonis non* must be appointed and a new administration opened.   [Byerly v. Donlin, 72 Mo. 270; Woerner Am. L. of Adm., sec. 179.]   Whether a condition exists in this estate authorizing the appointment of an administrator *de bonis non,* is of course not for us now to decide.

The circuit court correctly construed the law in this case, and its judgment is affirmed.   *Brace, Marshall* and *Gantt, JJ.,* concur; *Burgess, C. J.,* and *Sherwood* and *Robinson, JJ.,* concur in all except what is said of the case of Russell v. Croy, to which they dissent.