STATE OF MISSOURI, Respondent, v. MONT HALL, Appellant.

**Springfield Court of Appeals, February 7, 1910.**

1. CRIMINAL LAW: Violating Local Option Law: Former Acquittal: Evidence.    Where defendant is tried for violating the Local Option Law, under an indictment containing four counts, and was acquitted on three counts, the State cannot try him again for the offenses alleged in the three counts of the indictment on which the jury returned a verdict of not guilty.

2. ————: ————: ————: Sufficiency of Evidence.  Defendant was acquitted on the last three counts in an indictment charging him with violating the Local Option Law, and on appeal from the judgment of conviction in the first count, which alleged a different date, this count was held insufficient by the appellate court.  Subsequently, defendant was tried and convicted on an information charging him with the same offense

as alleged in the first count of the former indictment. *Held*, that defendant cannot be convicted again for the offense charged in the first count of the indictment, where the testimony of the State witnesses, who were the same witnesses used on the former trial, is indefinite as to the date the liquor was sold to them and might apply equally as well to the counts upon which defendant had been acquitted.

3. ————: ————: **Conviction on Defective Indictment.** Revised Statutes 1899, section 2373, which provides for the plea of a former acquittal as a bar to a subsequent accusation for the same offense, does not apply where there was a conviction on a defective indictment or information, but only where there was · an acquittal on the merits and the facts.

4. ————: ————: ————: **Subsequent Information Covering the Same Offense: Statutes of Limitation: Evidence.** On an indictment containing four counts, charging a violation of the Local Option Law on different dates, defendant was acquitted on three counts and convicted on one. The count on which he was convicted was held bad on appeal. Subsequently, an information was filed, charging the same offense covered by the count in the indictment on which defendant was convicted. This information showed on its face that the date of the alleged sale was more than a year prior to the filing of the information, but it sought to preserve the offense as against the Statute of Limitations by alleging the proceedings on the former indictment. *Held*, that such information is a special one, and the .date of the offense is material, so that witnesses of other offenses on other dates cannot be used.

Appeal from Newton Circuit Court.—*Hon. F. C. Johnston,* Judge.

Reversed.

*John T. Sturgis* for appellant; *W. Cloud* of counsel.

·      (1)   This proceeding having been commenced by indictment of a grand jury and that mode of procedure adopted, it was not competent to change the same to the other mode of an information by the prosecuting attorney. Laws of 1901, p. 138; State v. Harvey, 214 Mo. 403; State v. Gieseke, 209 Mo. 331. (2) "The burden

is on the State to establish such facts as would arrest the running of the statute." State v. Moore, 67 Mo. App. 338; State v. Myers, 68 Mo. 266; State v. Snyder, 182 Mo. 462; State v. Stephens, 70 Mo. App. 554; State. v. Small, 31 Mo. 197. (3) Each sale of intoxicants constitutes a separate offense. State v. Andrews, 27 Mo. 267; Springfield v. Ford, 40 Mo. App. 586; Kansas City v. Muhlback, 68 Mo. 638; 23 Cyc. 211. (4) Where an indictment charges two or more offenses an acquittal of one on the merits is a complete bar to a second prosecution for such offense. The same rule applies to separate counts of an indictment as to separate indictments. State v. Bruffey, 75 Mo. 389; State v. Owen, 78 Mo. 367; Constitution of Mo., Art. 2, sec. 23; State v. Newkirk, 49 Mo. 472; State v. Moore, 156 Mo. 135. (5) It is only for the offense of which defendant is convicted that an arrest of judgment or reversal for error in law permits a second trial. Where the acquittal is on the merits it matters not whether the indictment is good or bad. R. S. 1899, sec. 2373; State v. Hoffman, 136 Mo. 58. (6) The State was allowed to prove all the sales which it had proven on the former trial—and then some. This is error. State v. Wilson, 39 Mo. App. 184; State v. Stephens, 70 Mo. App. 554.

*Thomas M. Saxton,* Ex-Prosecuting Attorney, *Jas. H. Pratt* and *Horace Ruark* for respondent.

(1) If the Statute of Limitation does not run during the pendency of a defective indictment, then none of the sales proven by the State were barred by the statute. When the former case was reversed, it left the court free to proceed as though the case had never been tried, and the State was rightly permitted to introduce new evidence. State v. Newkirk, 49 Mo. 472; 10 Current Law, 237; 12 Cyc. 646; Booth v. United States, 154 Fed. 836; Dolans v. United States, 69 C. C. A. 287. (2) When an indictment is quashed, set aside or reversed, the time during which it was pending is not to be com-

puted as part of the time of the limitation prescribed for the offense. State v. English, 2 Mo. 182; R. S. 1899, sec. 2422; State ex rel. v. Primm, 61 Mo. 166; State v. Owen, 78 Mo. 368; State v. Hansbrough, 181 Mo. 352; 12 Cyc. 258. (3) The court committed no error in not requiring the State to elect upon one particular sale. Storr v. State, 3 Mo. 10; State v. Fletcher, 18 Mo. 426; State v. Small, 31 Mo. 197; State v. Heinz, 45 Mo. App. 403; State v. Stephen, 70 Mo. App. 554. (4) "It is the accepted doctrine that in order for a former trial and acquittal or conviction to be revoked on a plea of former jeopardy, it is essential that the former conviction or trial must have been upon a sufficient indictment or information." State v. Keating, 122 S. W. 701; State v. Manning, 168 Mo. 430; State v. Wilson, 39 Mo. App. 187.

GRAY, J.—At the October term, 1906, of the Newton Circuit Court, the grand jury returned an indictment against the defendant, charging him with violating the Local Option Law. The indictment was in four counts. The first count alleged the sale of intoxicating liquors on the 6th of October, 1906; the second count, on the 5th day of October, and the third and fourth counts, on the 3rd day of October.

The trial was had before a jury, resulting in a conviction on the first count, and a punishment of a fine of $1000 assessed, and an acquittal on the second, third and fourth counts.

The defendant appealed to the St. Louis Court of Appeals, and that court held the indictment insufficient, and discharged the defendant. The case is reported in the 130 Mo. App. 171, 108 S. W. 1077.

After the discharge of the defendant, the prosecuting attorney, on the 17th day of April, 1908, filed an information in said circuit court, charging that the defendant, on the 6th day of October, 1906, sold intoxicating liquors, to-wit: whisky, wine and beer, without

any legal authority, and further charging that the Local Option Law was in force in said county at the time of said sale, and also alleging the former indictment and the proceedings thereon.

The allegations concerning the previous indictment were put in the information, for the purpose of showing that the statute of limitations had not run against the State. This information, we find to be in proper form. The defendant, in addition to the plea of "not guilty," filed a special plea of former acquittal.

After introducing testimony of the former indictment, the verdict and mandate of the court of appeals thereon, and after offering the evidence of the adoption of the Local Option Law, the plaintiff called three witnesses to give evidence touching the sale of intoxicating liquors by the defendant. Two of these witnesses testified that they purchased beer of the defendant in 1906, and a short time before the indictment was returned. These witnesses also testified that when the defendant was tried on the former indictment, they were witnesses and gave the same testimony. The other witness called by the State, testified that he purchased intoxicating liquors of the defendant in 1906. There was no evidence that he testified at the former trial.

The local option election was ordered on the second day of May, 1904, and to be held on the 8th day of June, 1904. There was offered in evidence in behalf of the defendant, a certified copy of an order made by the board of aldermen of the city of Granby, stating that one C. C. Hudson had been, by ordinance, duly appointed to take the census of the inhabitants of the city of Granby, and that said Hudson had made and filed his report and return as such census enumerator, showing that the city of Granby contained a population of 2557 inhabitants on said day, and declaring that the result of said census showed that the city of Granby had within its corporate limits, 2557 inhabitants, and

141 App.—45

ordered that the result be spread upon the records and journals of the city. This order was filed with the county clerk on the 4th day of June, 1904, and was accompanied by an affidavit of said Hudson as to the discharge of his duty as such census enumerator. The court excluded this testimony, and its action is assigned as error. In view of the final disposition made of this case, it will not be necessary to discuss the legality of the local option election in Newton county.

Section 2373, Revised Statutes 1899, reads: "When a defendant shall have been acquitted upon a trial, on the merits and facts, and not on any ground stated in the last section, he may plead such acquittal in bar to any subsequent accusation for the same offense, notwithstanding any defect in form or substance in the indictment upon which such acquittal was had."

On the former trial of the defendant, he was acquitted on three counts of the indictment, and convicted on one only. The State could not try him again for the offenses alleged in the three counts of the indictment on which the jury returned a verdict of not guilty.

Our attention has been called to State v. Keating, 122 S. W. 699, and it is claimed that what we have just said is in conflict with the opinion of the Supreme Court in that case. When the Keating case is carefully considered, there is no conflict. In that case, the information was in two counts, and the defendant was only convicted on the second count, and that conviction was reversed and remanded with leave to file an amended information. The court held, the defendant was acquitted of the charge attempted to be alleged in the first count by failure of the jury to find a verdict on that count. The court held that count bad, and ·of course, as the defendant was acquitted on a charge in that count, the only possible figure that an indirect acquittal could work, was whether the charge was included in the second count, and therefore, the second

count was barred by the verdict of the jury on the first count. The court held the second count was not included in the first, and the conviction on the second count, the information being bad, did not preclude a further prosecution on the charge attempted to be set forth in the said second count. The statute does not apply where there was a conviction, but only where there was an acquittal on the merits and the facts. The Keating case, under its own peculiar facts was correctly decided, notwithstanding the statute.

In the present case, however, we are dealing with the fact that the defendant was acquitted after a trial on the merits, and so far as we can ascertain, the same testimony was offered at the trial from which this appeal was taken, that was offered at the trial wherein the result was an acquittal.

When the case was retried, two of the witnesses who had testified at the former trial, were used by the State, and as the jury only found the defendant guilty on one count at the former trial, then the testimony of one of these witnesses, at least, must have been for an offense for which a jury had found the defendant not guilty. A witness was permitted to testify who had given no evidence at the former trial, and therefore, the verdict of guilty at the former trial could not have been found upon his testimony. At the time the information was filed, the Statute of Limitation had run against the offense that it was sought to prove by this witness. There is no possible way to ascertain whether the former jury found the defendant not guilty as to the sales it was sought to prove by the two witnesses, who were used at both trials. And on a retrial of the case, it will be impossible for a court or jury to determine as to what sale, testified to by the different witnesses on the first trial, the verdict of guilty was based on. If the case was to be retried, the verdict of the jury would necessarily be based on mere conjecture and not on evidence, and the verdict, having no other

support than conjecture, is illegal and will not be permitted to stand in a criminal case. [State v. Wilson, 39 Mo. App. 184; State v. Stephens, 70 Mo. App. 554.]

It cannot be said that on a retrial, the State will be permitted to get witnesses who have never been used on the former trial, because this information is a special one, and only intended to charge the identical offense attempted to be charged in the first count of the indictment. The information shows on its face that the dates of the alleged sales were more than a year prior to the filing of the information, but it is sought to preserve the offense as against the Statute of Limitations, by alleging the proceedings on the former indictment. For the reasons assigned, we reverse the case and discharge the defendant. All concur.