STATE OF MISSOURI, Respondent, v. LEE POLK, Appellant.

Springfield Court of Appeals, May 2, 1910.

1. **CRIMINAL LAW: Violating Local Option Law: Former Acquittal: Trial on Appeal.** Where defendant is tried in a justice's court on an information in three counts charging him with violation of the Local Option Law, and he is found guilty on the first count only, this amounts to an indirect acquittal on the other two counts and, under section 2373, Revised Statutes 1899, defendant, on appeal to the circuit court, cannot be tried again on the two counts on which he had been acquitted in the justice's court. His appeal in such case was not on the counts on which he had been acquitted.

2. ———: ———: ———: **Burden of Proof.** Where defendant is on trial charged with violations of the Local Option Law, and pleads a former acquittal, the burden will be upon him to show the identity of the offenses in order to sustain such plea.

3. **LOCAL OPTION LAW: Sufficiency of Publication of Notice of Election.** It does not necessarily take five insertions in a weekly newspaper in order to give the twenty-eight days' notice required by the statute for a local option election; and where the insertions were on March 11, 18, 25, and April 1, and the election was held on April 9th; as the full twenty-eight days had expired between the time of the first insertion and the day of the election, and the last insertion was within ten days next preceding the election, the notice was in exact compliance with the statute.

4. ———: **Criminal Law: Giving Away Intoxicating Liquors: Constitutional Law.** The Local Option Law was not intended to make it a misdemeanor to give away intoxicating liquors by a person not charged to be a dealer, and the Local Option Law to such an extent has been held to be unconstitutional.

Appeal from McDonald Circuit Court.—*Hon. F. C. Johnston,* Judge.

REVERSED AND REMANDED.

*James A. Sturges* for appellant.

(1) It was error to submit the case to the jury on the entire information, as the verdict of guilty on the first count on the trial before the justice was an acquittal on the second and third counts. State v. Whitton, 68 Mo. 91; State v. Hays, 78 Mo. 609; State v. Patterson, 116 Mo. 511. (2) The information was not drawn to cover one violation in three counts, but each count stated a separate and distinct violation, hence the general verdict was not good; the defendant was entitled to know on which count he was convicted. State v. Harmon, 106 Mo. 657; State v. Nitch, 79 Mo. App. 99; State v. Jackson, 72 Mo. App. 59; State v. Bedell, 35 Mo. App. 551.

*Joseph S. Long,* Prosecuting Attorney, for respondent.

(1) It was not error for the court to submit the cause to the jury on the entire information, it was proper for the court to submit to the jury any testimony of a sale of intoxicating liquor, by defendant, at any time within the Statute of Limitation, time not being the essence of the offense. State v. Hughes, 82 Mo. 88; State v. Small, 31 Mo. 197; State v. Stephens, 70 Mo. App. 560; State v. Heinze, 45 Mo. App. 411. (2) The notice for holding the Local Option Law election in this case is sufficient. State ex rel. v. Tucker, 32 Mo. App. 628; State v. Hutton, 39 Mo. App. 415; State v. Kaufman, 45 Mo. App. 659; Cruzen v. Stephens, 123 Mo. 345; Young v. Downey, 150 Mo. 317; Haywood v. Russell, 44 Mo. 254.

NIXON, P. J.—The appellant was convicted in a justice's court of violating the Local Option Law of McDonald county. The information contained three counts. The jury found appellant guilty on the first count, and assessed his punishment at a fine of three

hundred dollars. An appeal was perfected to the circuit court where trial *de novo* was had. The appellant thereupon introduced in evidence the transcript of the justice showing the conviction on the first count alone, and requested an instruction to the effect that the evidence showed only a violation of the law as charged in the second and third counts, and that such evidence could not be considered, "for the reason that the defendant stands acquitted as charged in said counts by a verdict of the jury rendered on the trial in the justice's court, from which the appeal in this case was taken." This requested instruction was refused and the jury returned the following verdict: "We the jury find the defendant guilty, and assess his punishment at a fine of five hundred dollars. A. W. Chenoweth, Foreman."

I. It will be noticed that there is nothing in this verdict to indicate on what count or counts the defendant was convicted; nor did the instructions of the court limit the inquiry to the charge contained in the first count.

The case of State v. Hall (decided at the last term), 141 Mo. App. 701, 125 S. W. 229, is somewhat in point. There, the indictment was in four counts, but conviction was had on the first count only, there being an acquittal on the other counts. The defendant appealed and the St. Louis Court of Appeals held the indictment insufficient and discharged the defendant. [130 Mo. App. 171, 108 S. W. 1077.] A new information was filed. Defendant pleaded "not guilty" and filed a special plea of former acquittal. The court say: "On the former trial of the defendant he was acquitted on three counts of the indictment, and convicted on one only. The State could not try him again for the offenses alleged in the three counts of the indictment on which the jury returned a verdict of not guilty." See, also, State v. Hays, 78 Mo. l. c. 609; State v. McCue,

39 Mo. 112; State v. Patterson, 116 Mo. l. c. 511, 22 S. W. 696; State v. Kattleman, 25 Mo. 105.

True, in the case at bar, there was not a direct acquittal on the second and third counts in the justice's court. But the indirect acquittal had the same effect. Sec. 2373, Revised Statutes 1899, provides: "When a defendant shall have been acquitted upon a trial, on the merits and facts, . . . he may plead such acquittal in bar to any subsequent accusation for the same offense, notwithstanding any defect in form or substance in the indictment upon which such acquittal was had." The circuit court was therefore in error in not limiting the scope of the inquiry to the charge contained in the first count. When the defendant had been convicted on a trial of only one of the three counts, on appeal, he could not again be tried on the counts on which he had been acquitted. His appeal on the count on which he was convicted did not appeal the counts on which he had been acquitted.

II. When the State attempted to prove the adoption of the Local Option Law in McDonald county, defendant objected for the reason that the county court record sought to be introduced showed upon its face that the notice of the local option election was not given as is required by law, and that said notice could not have been given the length of time required by the statutes of this State. Appellant contends that there must be five insertions in a weekly newspaper in order to give the twenty-eight days' notice required by the statute, and bases his contention on the case of State v. Dobbins, 116 Mo. App. 29, 92 S. W. 136. The special facts in that case justified such a holding. The notice was there published in two newspapers. In the *Telegraph*, it was inserted August 4, August 11, August 18, August 25 and September 1st. In the *Press*, it was inserted August 3, August 10, August 17, August 24 and August 31st. The election was held on September 6th.

If either paper had stopped with four insertions, the last insertion would not have been within ten days next before such election as is required by section 3028, Revised Statutes 1899.

That is not the condition in the case at bar where the insertions were on March 11, March 18, March 25 and April 1st, and the election was held on April 9th. Here, the full twenty-eight days have expired between the time of the first insertion and the day of the election, and the last insertion was within ten days next preceding the election. The notice was in exact compliance with said statute.

The Local Option Law was not intended to make it a misdemeanor to give away intoxicating liquors by a person not charged to be a dealer, and the Local Option Law to such extent has been held to be unconstitutional. [State v. Fulks, 207 Mo. 26, 105 S. W. 733.] Defendant can only be tried for *selling* intoxicating liquors.

Under the view we have taken of this case, the judgment must be reversed and the cause remanded. Upon retrial by the circuit court, if the appellant shall plead former acquittal, the burden will be upon him to show the identity of the offenses. [State v. Andrews, 27 Mo. 267; State v. Small, 31 Mo. 197; State v. Thornton, 37 Mo. 360.] The circuit court is directed to limit the scope of the inquiry to the charge contained in the first count in the information. All concur.