249 S.W.2d 366 (1952)
STATE
v.
POLITTE.
No. 42959.
Supreme Court of Missouri, Division No. 1.
June 9, 1952.
*367 J. E. Taylor, Atty. Gen., William A. Wear, Asst. Atty. Gen., for respondent.
No Attorney for appellant.
LOZIER, Commissioner.
Defendant was convicted of first degree robbery. Section 560.120 RSMo 1949, V.A.M.S. The jury assessed 20 years imprisonment. The trial judge reduced the punishment and sentenced defendant to 12 years imprisonment. Defendant appealed.
As defendant has filed no brief, we examine the record proper and the bill of exceptions and consider the assignments made in defendant's new trial motion. State v. Jones, Mo.Sup. 227 S.W.2d 713, 716.
Defendant's assignments that the verdict was against the greater weight of the evidence, was against and contrary to the law and the evidence under the law, and was the result of passion and prejudice were too general to preserve anything for our review. Section 547.030 RSMo 1949, V.A.M.S.; State v. Francis, 330 Mo. 1205, 52 S.W.2d 552, 554; State v. Courtney, 356 Mo. 531, 202 S.W.2d 72, 74; State v. Shipley, Mo.Sup., 232 S.W.2d 515, 518.
Neither the 20 year punishment assessed by the jury nor the 12 year sentence was "grossly" or "highly" excessive nor *368 "cruel and unusual." Both were less than the maximum authorized for first degree robbery. Section 560.135 RSMo 1949, V.A.M.S.; State v. Cooley, Mo.Sup., 221 S.W.2d 480, 485. We overrule this assignment.
Defendant's other assignments alleged error in the admission of evidence and in the giving of instructions.
The state's evidence was that: On the evening of January 22, 1950, Edwin Boyer, Mrs. Octavia Boyer (Edwin's grandmother, with whom Edwin lived) and a friend, Mrs. Frances Kennett, were in a tavern. Defendant, whom none of the three had ever seen before, was near them. Edwin asked his grandmother to go home and get some money he had given her two days before to hide for him. She refused to go but told him where she had hidden it. Defendant offered to take Edwin home and bring him back to the tavern. Defendant, Edwin and Mrs. Kennett went to the Boyer home in a taxicab. Edwin went into the house and defendant, uninvited, followed. He was beside Edwin when Edwin removed the money from its hiding place. Defendant snatched two one dollar bills out of Edwin's hand, saying, "This is for taxicab fare." Edwin protested. Defendant struck him in the nose, grabbed his jumper, hit him again, dragged him into another room and, while Edwin was prone, broke two or three "statuettes" over his head, kicked him several times, took the rest of the money ($7.00) out of Edwin's pocket, discarded his own bloody shirt, donned one of Edwin's shirts and "stepped on" Edwin's throat. Defendant left the house, ordered Mrs. Kennett out of the taxicab and drove away.
Mrs. Kennett went into the house. The particular room was "torn up," and broken ornaments and blood spots were on the floor. She washed Edwin's face and hands. He was cold and shaking. He talked a little and then dropped off to sleep. Mrs. Kennett returned to the tavern and then, with Mrs. Boyer, went back to the house. They called the police who took Edwin to the hospital where he was treated for bleeding bruises on his head and face.
Defendant testified that: He had had some trouble with Edwin previously; on that particular night, Edwin had offered to buy him (defendant) a drink but stated he would have to go home and get some money; at the Boyer home, he and Edwin had several drinks out of a bottle of beer he (defendant) had carried out of the tavern; Edwin resented defendant's inquiry as to how much money he (Edwin) had and "pushed" defendant; defendant "pushed" Edwin back, Edwin "took a swing" at defendant, defendant "took a swing" at Edwin and Edwin "fell and hit the post." Defendant denied taking any money from Edwin and changing shirts.
Defendant's assignments as to admission of evidence are overruled. Defendant alleged that the state's witnesses were permitted to testify to conversations among themselves out of defendant's presence. Apparently, defendant was referring primarily to the conversation between Edwin, Mrs. Boyer and Mrs. Kennett at the tavern, which conversation defendant denied overhearing. There was also evidence as to other conversations among those three witnesses or one of the three with other witnesses, both before and after that night, when defendant was not present. However, the bill of exceptions shows that, upon direct examination, defendant's sole objection to this testimony was sustained; and that thereafter the testimony of which defendant complains was elicited by defendant in his cross-examination of Edwin, Mrs. Boyer and Mrs. Kennett. See State v. Hall, 141 Mo.App. 701, 125 S.W. 229.
Defendant's next assignment was that, over his objection, lay witnesses were permitted to testify "regarding medical diagnosis and highly technical medical findings and opinions, without in any way qualifying as medical experts." On direct examination, Edwin testified without objection by defendant, that he had been under the care of a physician for years and was taking pills. Defendant objected to Edwin's statement that the treatment was for epilepsy. Noting that whether Edwin was an epileptic was entirely irrelevant, Edwin was qualified to say for what disease or ailment he was being treated and for which he was taking pills. See International Coal *369 & Mining Co. v. Industrial Commission, 293 Ill. 524, 127 N.E. 703, 10 A.L.R. 1010; 32 C.J.S., Evidence, § 513, p. 191. We overrule this assignment.
Defendant did object to Mrs. Kennett and Mrs. Boyer testifying that Edwin was an epileptic, had epileptic spells and did not have a spell that night. Mrs. Kennett had known Edwin for six months and was a frequent visitor in the Boyer home; she had known of Edwin's condition and that he had been taking pills for epilepsy. Mrs. Boyer had raised Edwin "from a small baby," he had lived with her since he was two years old and she had observed and cared for him during his spells. Both witnesses described the objective symptoms of Edwin's epileptic spells and said that Edwin showed no such symptoms that night. Again noting that whether Edwin was an epileptic was not material to any issue in the case, we believe that both Mrs. Kennett and Mrs. Boyer were qualified by their association and experience, and, especially, their observation of Edwin that night, both before and after the robbery, to state that he was an epileptic and had not had a spell that night. See Hughes v. Prudential Ins. Co., Mo.App., 179 S.W.2d 630, 637; 20 Am.Jur., Evidence, Sec. 858, p. 719; 32 C.J.S., Evidence, § 513, p. 196; Wigmore, Evidence, 3rd Ed., Vol. II, Sec. 568, p. 660.
Furthermore, whether Edwin had a spell at the home that night was not an issue. Defendant's own testimony does not even suggest that Edwin did have a spell on that occasion. Evidence on that matter was wholly irrelevant. See State v. Knight, 356 Mo. 1233, 206 S.W.2d 330. We see in this evidence nothing prejudicial to defendant, but if there was, most of such evidence was developed by defendant himself in his cross-examination of these state witnesses. Again see State v. Hall, 141 Mo.App. 701, 125 S.W. 229.
Defendant's new trial motion next assigned error in Instructions Nos. 2, 3, 4, 5, 6 and 8. Instruction No. 2 was: "You are instructed that if you believe and find from the evidence, to a moral certainty and beyond a reasonable doubt, that on or about the 22nd day of January, 1950, in the City of St. Louis, Missouri, defendant Raymond Herman Politte, by violence to the person of Edwin Oliver Boyer, took from the person of said Edwin Oliver Boyer, against his will, Nine Dollars, lawful money of the United States, or any part thereof, with the intent to deprive him permanently thereof and to convert the same to his own use, then you should find defendant Raymond Herman Politte guilty of robbery in the first degree; and unless you find * the facts so to be you should find defendant Raymond Herman Politte not guilty of robbery in the first degree." (Italics and asterisk ours.)
Defendant's first criticism of Instruction No. 2 was that it did not hypothesize facts constituting all of the elements of first degree robbery. This instruction hyopthesized all facts required for a conviction under the first degree robbery statute, the language of which the instruction followed. Section 560.120 RSMo 1949, V.A.M.S.
Instruction No. 3 was: "If, from the evidence and under the court's instructions you find defendant not guilty of robbery in the first degree under the foregoing instruction numbered 2, but further find from the evidence, to a moral certainty and beyond a reasonable doubt, that at the time and place mentioned in the evidence defendant wilfully and intentionally did assault and beat Edwin Oliver Boyer without just provocation, cause or excuse, then you should find defendant guilty of common assault; and unless you find * the facts so to be, you should acquit the defendant." (Italics and asterisk ours.)
Defendant's other assignment as to Instruction No. 2 and his assignment as to Instruction No. 3 was that the particular instruction was prejudicially erroneous in that the phrase which we have italicized was not repeated at the place shown by the asterisk. These assignments are without merit. The instructions, respectively, clearly required the jury to find defendant guilty of first degree robbery or common assault "from the evidence" and "to a moral certainty and *370 beyond a reasonably doubt" and to acquit defendant unless it found the facts hypothesized "so to be."
Defendant next alleged that Instruction No. 4 (presumption of innocence and burden of proof) was erroneous in that "it did not apprize the jury that the defendant could be convicted of common assault and acquitted of first degree robbery." Instruction No. 3 expressly authorized such a finding and Instruction No. 7 (punishment) expressly referred to acquittal under Instruction No. 2 (first degree robbery) and conviction under Instruction No. 3 (common assault). The instructions must be read together. State v. Sapp, 356 Mo. 705, 203 S.W.2d 425, 430. This assignment is overruled.
Defendant next assigned error in Instruction No. 5 (credibility of witnesses) in that it did not contain a "falsus in uno, falsus in omnibus" authorization. The language of the instruction is identical with that of the instruction approved in State v. Caviness, 326 Mo. 992, 33 S.W.2d 940, 943. "Appellant is in no position to complain, because the instruction as given was correct and appellant did not offer an instruction of his own." State v. Ball, Mo.Sup., 133 S.W.2d 414, 416. This assignment is overruled.
Instruction No. 6 first required a finding of the prior convictions of felony charged in the amended information and shown in evidence. It then told the jury that such convictions had "no bearing upon defendant's guilt or innocence in this case"; that defendant was being tried for first degree robbery on the occasion involved and that "you are to consider solely and only the evidence * * * pertaining to that offense, and should not consider such prior convictions * * * in determining whether or not defendant is guilty of such robbery"; and if from other evidence the jury found defendant guilty of first degree robbery, the jury could consider such convictions in determining the punishment to be assessed. Sections 556.280, 556.290 RSMo 1949, V.A.M.S.
Defendant's assignment was that this instruction did "not clearly apprize the jury of its right to consider the prior convictions as related to the offense of `common assault.'" The jury convicted defendant of first degree robbery under Instruction No. 2 and assessed his punishment therefor under Instruction No. 7 (punishment upon conviction of either first degree robbery or common assault). The jury did not find defendant guilty of common assault under Instruction No. 3 or of prior convictions. The jury had no occasion to determine the punishment for common assault and, hence, to consider the prior convictions in connection with punishment for that offense. This assignment is overruled.
Defendant's final assignment was that Instruction No. 8 was prejudicially erroneous in that it did not "instruct the jurors individually that they had to be convinced beyond a reasonable doubt and to a moral certainty before they could vote for a guilty verdict." In overruling this assignment, we need only set out Instruction No. 8, and italicize the portions which show that the assignment is without merit. "The court instructs you that any verdict that you render must be unanimous; it must be agreed to by every juror; it is the verdict of each juror as an individual, as well as of the jury as a whole; no juror should vote for conviction unless he is convinced in his own mind, beyond a reasonable doubt, that under the evidence and the court's instructions defendant is guilty; and no juror should vote for acquittal if in his own mind he is convinced, beyond a reasonable doubt, that defendant is guilty."
(As to the necessity for and propriety of such an instruction, see State v. Young, 105 Mo. 634, 16 S.W. 408, 409; State v. Taylor, 134 Mo. 109, 35 S.W. 92, 102; State v. Connor, Mo.Sup., 274 S.W. 28, 29.)
The record proper shows: an information sufficient in substance and in approved form; arraignment; plea of not guilty; presence of defendant and his counsel; impaneling and swearing of the jury; trial; return of the verdict; filing and overruling of defendant's new trial motion; allocution;
*371 judgment; sentence; and allowance of this appealall regular and sufficient. Accordingly, the judgment is affirmed.
VAN OSDOL and COIL, CC., concur.
PER CURIAM.
The foregoing opinion by LOZIER, C., is adopted as the opinion of the court.
All concur.