IN THE MATTER OF R. S. WOOLDRIDGE.

St. Louis Court of Appeals, April 24, 1888.

1. HABEAS CORPUS—COMMITMENT WITHOUT JURISDICTION.—A prisoner
may be discharged under *habeas corpus,* although held under a
warrant of commitment regular on its face, if it appear that the
officer committing him was absolutely without jurisdiction to issue
the warrant.

2. LOCAL OPTION LAW, ELECTION UNDER VOID, WHEN.—An election
held in a city under the provisions of an act approved April 5,
1887, known as the Local Option Law, on a day within sixty days
either before or after a municipal election held in the same city to
fill a vacancy in a membership of the city council, is wholly
invalid, and cannot confer on any officer authority to enforce by
criminal procedure the provisions of said act against a person
charged with selling intoxicating liquors.

3. NOTICE BY PUBLICATION, WHEN SUFFICIENT.—A law requiring the
publication of a notice of an election for four weeks in a news-
paper is satisfied if twenty-eight days intervene between the first
one of consecutive weekly publications and the day of election,
without a daily insertion for the whole period.

ORIGINAL application under the *habeas corpus* act.

*Demurrer overruled and prisoner discharged.*

F. S. HEFFERNAN and ADIEL SHERWOOD, for the petitioner: There is nothing in the charter or ordinance of the city of Springfield which confers the power upon the mayor and council to order an election to determine whether or not intoxicating liquors are to be sold. Municipal corporations have only such powers as are expressly granted by their fundamental law and in addition such powers as result by necessary implication from the granted powers. Hence the order calling the election was void. *Allen v. Jones,* 47 Ind. 438; *City v. Wooton,* 28 Iowa, 571; *Brady v. City,* 20 N. Y. 312; *State v. Bank,* 45 Mo. 538; *Kiley v. Oppenheimer,* 55 Mo. 374; *Leech v. Cargill,* 60 Mo. 316; *City v. Thompson,* 19 Mo. App. 523; *Manufacturing Co. v. City,* 21 Mo. App. 175. The law was not adopted in the city of Springfield. Its provisions for giving notice of the election and fixing the mode and manner of conducting it in point of time as regards other elections are mandatory and cannot be evaded or disregarded. When, therefore, it appears that the notice of the election was not sufficiently published and that the election was held within sixty days of a "municipal election held in such city," the conclusion necessarily follows that the law was not adopted. *McPike v. Pen,* 51 Mo. 63; *School District v. Atherton,* 12 Met. 105; *State v. Van Winkle,* 25 N. J. L. 73; Dill. on Mun. Corp., sec. 136; *People ex rel. v. Jackson Co.,* 92 Ill. 441–54. *Habeas corpus* is the proper remedy. If there was no legal power to render the judgment, there is no judgment. All is *coram non judice.* The jurisdiction of the court to render the particular judgment is always a proper subject of inquiry. There was no power to render the particular judgment if the law was not adopted or if the ninth section of the law is unconstitutional. *State v. Shattuck,*

45 N. H. 211 ; *Holman v. Mayor*, 34 Tex. 668 ; *Ex parte McDonald*, 19 Mo. App. 370 ; *People v. Hackley*, 24 N. Y. 74 ; *People v. Cassels*, 5 Hill, 164 ; *In re Morton*, 10 Mich. 210 ; *People ex rel. v. Lipscomb*, 60 N. Y. 559 ; *Commonwealth v. Summer*, 5 Pick. 360 ; *Ex parte Kearney*, 55 Cal. 212 ; *Miller v. Snyder*, 6 Ind. 1 ; *Adams v. Vose*, 1 Gray, 51, 56 ; *Herrick v. Smith*, 1 Gray, 49, 50 ; *Ex parte Bethurum*, 66 Mo. 545 ; *Ex parte Slater*, 72 Mo. 102 ; *Ex parte Marmaduke*, 91 Mo. 228.

Rombauer, P. J., delivered the opinion of the court.

The petitioner presented his application for a writ of *habeas corpus*, stating that he was unjustly and unlawfully detained and imprisoned by the sheriff of Greene county in the jail of said county, in the city of Springfield, by virtue of a warrant and commitment issued by one C. H. Evans, justice of the peace.

His application states that the justice, in rendering the judgment and issuing the writ of commitment, exceeded his jurisdiction as to matter, place, and sum ; that the commitment was issued under circumstances not allowed by law, and that the judgment and commitment are not authorized by any judgment, nor by any provision of law.

The writ being issued on such application, and the petitioner waiving the production of his person in court, the sheriff made return thereto stating the following facts:    That he has the prisoner in his custody in said Greene county jail by virtue of a certain warrant of commitment dated February 3, 1888, and issued by C. H. Evans, a justice of the peace of Campbell township, Greene county, Missouri, and that the prisoner was committed to said jail for the non-payment of a fine of three hundred dollars, which was assessed against him by said justice for unlawfully selling intoxicating liquors in violation of an act of the General Assembly of Missouri, approved April 5, 1887, known as the local option law.

The warrant of commitment is annexed to the return, and appears regular upon its face.

The petitioner replied to the return admitting that he is held in execution by the respondent, under the warrant of commitment, and that such warrant was issued by one C. H. Evans, a justice of the peace in the city of Springfield, for an alleged violation of an act of the legislature of the state of Missouri, of April, 1887 (Acts 1887, p. 179), alleged to have theretofore been adopted by a majority vote of the people of said city, cast at an election called and held for the purpose, and thereby made the law of said city.

The reply then proceeds as follows: "Petitioner alleges and charges the fact to be that said law of April, 1887, known as the 'Wood Law,' was not, and never has been adopted by the people of the city of Springfield, by a majority vote or otherwise, and was not, at the time of the rendition of the pretended judgment, mentioned in respondent's return herein, nor is it now, nor has it ever been, in force in the city of Springfield, and said justice had no right, power, or authority, to render the pretended judgment, in execution of which petitioner is held in custody and the pretended commitment issued by the justice upon said pretended judgment, furnishes to respondent no sufficient reason or excuse for detaining your petitioner.

"Further replying, petitioner says : That the city of Springfield is a city of more than twenty-five hundred inhabitants, is a city of the third class, organized under the general law of the state (art. 4, chap. 89, Rev. Stat., as amended by Acts, 1887, p. 64), and no power is therein given to the city council to submit to the people of the city the question whether or not intoxicating liquors shall be sold in said city, or to order such an election. It has only such powers as are expressly granted thereby.

"That the election to determine whether or not the 'Wood Law' should be adopted in the city of Springfield, was held in said city on October 20, 1887.

That notice of said election was published in the 'Weekly Republican,' in said city, September 22 and 29, and October 6, 13, and 20, 1887, and in no other or different newspaper, and at no other or different time; that thereby less than twenty-eight days' notice, and less than 'four consecutive weeks' notice,' of said election was given.

"(Certified copies of the records of the city of Springfield, showing the notice of said election, proof of publication of the notice, and all and singular the other matters pertaining to said election, are hereto attached as exhibit 'A,' and made part hereof as fully as if set out at length herein).

"That, prior to October 20, 1887, the date of the election held under the 'Wood Law,' and within sixty days thereof, to-wit, on the — day of September, 1887, a municipal election was held in the city of Springfield, at which a councilman for said city was elected to fill a vacancy caused by the resignation of a member of the city council.

"(A certified copy of the records of the city of Springfield, showing that said municipal election was held, and all and singular the matters and things pertaining thereto, is hereto attached as exhibit 'B,' and made part thereof as fully as if set out at length herein).

"Further replying, petitioner says that the ninth section of the 'Wood Law,' the penalty section, under and by virtue of which the pretended judgment mentioned in respondent's return herein was rendered, is unconstitutional and void, being in violation of both state and federal constitutions; and denies to petitioner 'the equal protection of the law,' and he is held in custody without due process of law.'

"Wherefore petitioner avers that said pretended judgment having been rendered without any authority of law, and having no law to support it, is illegal and void, and petitioner is entitled to his liberty, and prays,

as he hath heretofore, that he may be discharged from custody."

To this reply the respondent demurs, for the reasons that it does not set forth facts sufficient to entitle the prisoner to his discharge, and that the pretended defences cannot be invoked in this proceeding.

The issues thus raised by the reply and demurrer are now presented for our decision.

We may state at the outset that the question of the constitutionality of the law is not before us. This court, as well as the Supreme Court, though for different reasons, have declined to pass upon the constitutionality of a law, under which the prisoner is restrained of his liberty in proceedings under the *habeas corpus* act. *Ex parte Boenninghausen*, 21 Mo. App. 267; s. c., 91 Mo. 301. We may add, however, that even if we were at liberty to enter upon such examination we would consider ourselves bound to follow the decision of the Supreme Court in *State ex rel. v. Pond*, 93 Mo. 606, which declares the law to be constitutional. The constitution provides in express terms that "the last previous rulings of the Supreme Court on any question of law or equity shall in all cases be controlling authority in said court of appeals." The fact that in proceedings under the *habeas corpus* act, the judgment of this court discharging a prisoner is final and conclusive does not the less make it the duty of this court, even in such proceedings, to be guided by previous rulings of the Supreme Court.

Passing from this question to other defences set up in the reply, we see no reason why they cannot be invoked in this proceeding. If there never was a legal election in the city of Springfield adopting the provisions of the local option law, it necessarily follows that the jurisdiction of the justice was exceeded as to matter and amount, and that the process though in proper form has been issued in a case and under circumstances not allowed by law. These are exceptions under the *habeas corpus* act, even though it appear that the

prisoner is in custody by virtue of 'process of a court legally constituted. These questions go to the jurisdiction of the court.

In *Ex parte Snyder*, 64 Mo. 58, 63, it was held that if the prisoner has been committed by a court or person having absolutely no jurisdiction, the validity of the commitment may be determined on *habeas corpus*, and this case is cited and approved in *Ex parte Boenninghausen*, 91 Mo. 305. An election held at a time not provided for by law has no greater force than no election at all. This has been decided in *State ex rel. v. Jenkins*, 43 Mo. 261, 265. Would it be contended for a moment that if justices of the peace throughout the state should begin to exercise jurisdiction under the local option law, without any previous election in their respective localities adopting it, the prisoners committed by them for a supposed violation of the law could not be discharged under the *habeas corpus* act?

One of the defences set up in this reply is the illegality of the election held in the city of Springfield on October 20, 1887, in this, that within sixty days thereof, in September, 1887, a municipal election was held in said city, at which a councilman for said city was elected.

Now the act approved April 5, 1887, known as the local option law, so far as it relates to elections held thereunder, in incorporated cities or towns having a population of twenty-five hundred inhabitants or more, provides: "That upon application by petition therefor * * * to the body having legislative functions therein, such body shall order an election to be held in such city, to be voted at by the qualified voters thereof and no other, to determine whether or not spirituous or intoxicating liquors shall be sold within the limits of such city or town. Such election shall be held within forty days after the receipt of such petition, *but not within sixty days of any municipal or state election held in such city.*" Laws 1887, p. 180, sec. 2.

If the averment in the reply is true (and for the purposes of this demurrer it must be so considered), namely, that the election under the law was held in the city of Springfield, within sixty days of a municipal election, then the election so held was necessarily invalid, because held on some other day than the one on which an election under this law could legally be held.

We may state in this connection, that it is immaterial whether the municipal election referred to in the second section of the act was held before or after the election under the local option law, as the word "within" is broad enough to cover the point in either event. We may also state that it is immaterial whether such municipal election was a general election, or a special election for one or more municipal officers, as the prohibition in the section covers any and all municipal elections.

Other defences set up in the reply are not tenable. The publication made conveying notice of the election was sufficient. The law requires notice of four consecutive weeks. The notice would have been sufficient even if twenty-eight days' notice were required, as that term would mean only that twenty-eight days must intervene between the first insertion and the day of election, and not a daily insertion in the newspaper for twenty-eight consecutive days. *German Bank v. Stumpf*, 73 Mo. 315. The law applies to all towns, whether operating under a special charter or not.

It results that the demurrer to the reply must be overruled. All the judges concurring, it is ordered that the demurrer to the reply be overruled and the prisoner discharged.