LEVERETT LEONARD *et al.*, Appellants, v. THE SALINE
COUNTY COURT *et al.*, Respondents.

Kansas City Court of Appeals, December 20, 1888.↓

Case Adjudged. The election in this case held to be void, because the
publishing of election notice did not comply with the requirements
of the statute ("Local Option Law," Laws of Mo. 1887, p. 179), as
heretofore held by this court in *State ex rel. v. Tucker, ante*, p. 620.

*Appeal from Saline Circuit Court.*—HON. RICHARD
FIELD, Judge.

AFFIRMED.

The case is stated in the opinion.

*Scott & Cooney, Haynes* and *Shackelford*, for the
appellants.

*Syd B. Burks*, for the respondents, the city of
Slater *et al.*

PER CURIAM.—This is a proceeding contesting an
election held in Saline county, outside the city of Mar-
shall and including the city of Slater, under the local
option law of 1887 (Acts 1887, p. 179).  There are many
questions presented for our consideration as to whether
the county court had the right to include the city of
Slater in the order for election as it was contended that
city had more than twenty-five hundred inhabitants,
but as the objection to the notice of election goes to the
whole case, we will only consider that point.  The elec-
tion was held on October 18, the notice therefor was
given and published by inserting it in a newspaper four
times once in each week for four consecutive weeks, as
follows,—September 24, October 1, October 8, and Octo-
ber 15, thus covering a period of twenty-four days

instead of twenty-eight days.   We considered this precise point at length in *State ex rel. v. Tucker, ante,* p. 620, and there determined the notice should have covered the period of four full weeks of twenty-eight days before the election, and not having done so in this case, the election was for that reason, if not for others, void.

The judgment is therefore affirmed.