THE STATE OF MISSOURI, Respondent, v. WILLIAM A. KAMPMAN, Appellant.

### Kansas City Court of Appeals, May 2, 1898.

**Local Option**: NOTICE OF ADOPTION.   A notice for an election to adopt the local option law should run for twenty-eight days to make the adoption valid.

*Appeal from the Harrison Circuit Court.*—HON. P. C. STEPP, Judge.

REVERSED.

J. C. WILSON, J. M. SALLEE, and J. W. PEERY for appellant.

(1) The notice called for by the law was absolutely essential to the validity of the election.   This construction has never been doubted or overruled.   State ex rel. v. Tucker, 32 Mo. App. 620; Leonard v. Co. Ct., 32 Mo. App. 633; Bean v. Co. Ct., 33 Mo. App. 635; State v. Kaufman, 45 Mo. App. 656.

E. H. FRISBY for respondent, did not file a brief.

ELLISON, J.—Defendant was convicted of selling intoxicating liquor without a license in the county of Harrison in violation of the local option law.   It appears that the notice for an election to determine

whether such law would be adopted in Harrison county was published in four consecutive issues of a weekly newspaper in said county; but that counting the day of the first publication to the day of election there was only twenty-three days notice. We have repeatedly held that the statute intends that there shall be twenty-eight days notice in order that there may be a valid election. It thus appearing that there was no local option law in. Harrison county to be violated the defendant was improperly convicted. State ex rel. v. Tucker, 32 Mo. App. 620; Bean v. Co. Ct., 33 Mo. App. 635; State v. Kaufman, 45 Mo. App. 656. The judgment will be reversed and the defendant discharged. All concur.