JOHN BARNES, Respondent, v. OTTO PLESSNER, Appellant.

**Kansas City Court of Appeals, November 19, 1906.**

1. **JUSTICE'S COURTS: Replevin: Jurisdiction: Appearance.** In an action of replevin in a justice's court the record should show that the justice acquired jurisdiction of the property replevined and the appearance of the defendant does not waive that defect.

2. **SALES: Conditional: Subsequent Purchaser: Antecedent Debt.** Where there is no evidence that the vendor made a conditional sale, it is immaterial whether the purchaser from the vendee took the property for an antecedent debt or paid otherwise.

3. **REPLEVIN: Husband and Wife: Possession: Jury.** Where the replevin was against the husband and there was evidence tending to show that the replevined property was in the wife's house and she had the key at the time the writ was served, the question of possession is for the jury, since a married woman can hold in her own right the possession of both real and personal property and as to the latter is *femme sole*.

Appeal from Schuyler Circuit Court.—*Hon. Nat. M. Shelton,* Judge.

REVERSED AND REMANDED.

*C. C. Fogle, C. M. York* and *E. Higbee* for appellant.

(1) The court erred in refusing to give defendant's instruction numbered 7, which was in the nature of a demurrer to the evidence for the reason that the evidence showed that at the beginning of the suit and prior thereto the defendant was not in possession of the goods, but that Mrs. Plessner was in possession of the goods. Davis v. Randolph, 3 Mo. App. 454; Haeger v. Marcus, 5 Mo. App. 565; Gulatha v. Waldsten, 7 Mo. App. 66; Penn v. Brasher, 56 Mo. App. 24; Myers v. Lingenfelter, 81 Mo.

App. 257; Rogers v. Davis, 21 Mo. App. 151; Feder v. Abrahams, 28 Mo. App. 454. In 7 Mo. App. 66, 65 Mo. App. 24, 61 Mo. App. 251 and 21 Mo. App. 150, it is decided directly that plaintiff cannot recover in replevin unless defendant was in possession at the date of the summons. (2) The evidence in this case shows that prior to the bringing of the suit, the defendant had delivered the key to the house to his wife, and that she had taken possession of the key, and that she had some of her other goods in the house. The delivery of a key to a house in which goods are lodged is good as symbolical delivery of the goods, so as to divest the delivery of possession. 12 Am. and Eng. Ency. Law (1 Ed.), 519; 2 Benj. on Sales (4 Am. Ed.), sec. 1043, p. 911; Russel v. O'Brien, 127 Mass. 349; Rice v. Austin, 17 Mass. 197; Gibson v. Stevens, 8 Howard (U. S.) 384; Schivler v. Houston, 1 N. Y. App. 264. (3) The justice of the peace in this case never acquired jurisdiction of the subject-matter, because the suit was brought in Liberty township, and the goods were taken in Chariton township, and the constable's return does not show that Chariton township is an adjoining township to Liberty township, and the entering of the appearance and trial by the parties did not confer jurisdiction of the subject-matter and as the justice had no jurisdiction of the subject-matter, the circuit court acquired none on appeal. Bank v. Doak, 75 Mo. App. 332; State v. Metzger, 26 Mo. 65; Cooper v. Barker, 33 Mo. App. 181; Corrington v. Morris, 43 Mo. App. 456; State ex rel. v. County Court, 66 Mo. App. 96.

*S. W. Mills* and *A. D. Morris* for respondent.

(1) The action of replevin sounds in tort, and the person who has control and detains the property has sufficient possession for the purpose of maintaining action of replevin. Crum v. Ellison, 33 Mo. App. 591; Talbott v. Magee, 59 Mo. App. 347. (2) Defendant contends that the justice did not have jurisdiction over the sub-

ject-matter of the action, because the record does not disclose the fact that Chariton township joins Liberty township. This is unnecessary as section 3838, R. S. 1899, gives justices of the peace jurisdiction coextensive with their respective counties. The cases cited by defendant to sustain the above contention namely, Bank v. Doak, 75 Mo. App. 332, is a case of attachment governed by section 3840, R. S. 1899, which is a special section providing jurisdiction in attachment. (3) If Liberty township the place where the suit was brought joined Chariton township and in fact they do join, then the justice obtained jurisdiction of the cause, if the writ was properly served whether the constable's return shows the two townships join or not. Martin v. Castle, 182 Mo. l. c. 228; Turner v. Railroad, 78 Mo. 578; Daniel v. Atkins, 66 Mo. App. 342; Dowdy v. Wample, 110 Mo. 280.

BROADDUS, J.—This is an action in replevin begun before a justice of the peace for Liberty township, Schuyler county, for the possession of certain household furniture. The action was begun on the 18th day of August, 1904, and was tried on November 29th. The plaintiff recovered judgment and defendant appealed. The case was tried anew in the circuit court on the 17th day of November following and the plaintiff again recovered and defendant again appealed. The property consisted of the following articles, viz.: one bedstead, one dresser, one stand table, one set of bed springs, one mattress, one kitchen table, one rocking chair, one commode, and one couch, variously estimated to be worth from nine to twenty dollars. It does not appear in what township of the county the goods were found and taken by the constable under the writ of replevin or in what township defendant resided. The residence of plaintiff was shown to have been in Adair county.

The defendant makes the point that the justice had

no jurisdiction of the subject-matter; consequently none was conferred on the circuit court by the appeal. Section 3839, regulating practice in justice's courts, provides that actions of this character shall be brought before some justice of the peace, "where the defendants, or one of them resides, or in any adjoining township; or wherein the plaintiff resides and the defendants, or one of them, may be found; . . . if the defendant is a nonresident of the county in which the plaintiff resides, the action may be brought before some justice of any township in such county where the defendant may be found." The record does not disclose the township in which defendant resided or in what township the goods were found, the return of the constable being silent as to that matter.

In Bank v. Doak, 75 Mo. App. 332, in an attachment proceeding, it is held that where it did not appear that the justice had jurisdiction of the subject-matter the action could not be maintained and that the appearance of the defendant did not waive jurisdiction. And there are other cases in our reports to a like effect. And for a like reason the justice did not acquire jurisdiction in this case of the subject-matter, to-wit: the furniture in question. As the respondent claims, as a matter of fact the writ was properly served, the cause should not be dismissed, we will remand it in order that he may show such fact.

But there are other questions in the case. The evidence shows that the plaintiff owned a blacksmith shop in Schuyler county, which was not being operated because he had no blacksmith in his employ; that he procured a person by the name of McClaskey to operate it for him; that McClaskey rented the house of defendant's wife to live in, but that he had little or no furniture for housekeeping; that his wife resided at the time in another county, and that plaintiff bought the furniture in question for the use of said McClaskey. Thus far there is

no dispute as to the facts stated. The evidence upon the part of plaintiff showed that he let McClaskey have the use of the furniture upon the understanding that when he got the money he would sell it to him; and he called several persons to witness the transaction whose evidence was introduced on the trial. The contention of the defendant was, that plaintiff sold the property to the said McClaskey with the understanding that the title was to remain in himself until he, McClaskey, would pay for it and that defendant's wife bought it without notice of such agreement. Defendant also introduced evidence tending to show that his wife was in possession of the house, the said McClaskey having vacated it; that he received the keys from him and gave them to his wife; and that the property was then in the house. There was evidence on the part of plaintiff tending to show that at the time of the issuing and service of the writ defendant had charge of the property as agent for his wife.

Defendant's evidence that his wife had bought the furniture from McClaskey was to the effect that she took it in payment of what he owed her for rent past due, although she testified that she bought it outright. But, as before stated, there being no evidence of a conditional sale by plaintiff to McClaskey of the furniture to him, it could make no difference whether defendant's wife obtained the furniture in consideration of an antecedent debt or otherwise.

As there was evidence on the part of the defendant that his wife owned the house in which the property was located and that she purchased the latter from McClaskey, and that defendant had turned the keys over to her, it was a question for the jury to say whether defendant was in the possession of the property at the time the writ was served. There is no doubt but what under the laws of this State a married woman can hold in her own right the possession of both real and personal property.

As to the latter especially, she can act as a *femme sole.* The cause is reversed and remanded. All concur.