STATE ex rel. GUNN, Appellant, v. CORDELL et al., etc., Respondents.

St. Louis Court of Appeals, March 23, 1909.

LOCAL OPTION: Notice of Election. The notice of a local option election which was to be held on the 31st day of January was published in a weekly newspaper on the third, tenth, seventeenth, twenty-fourth and thirty-first; this was a sufficient compliance with the law requiring four weeks, or twenty-eight days' notice.

Appeal from Howell Circuit Court.—*Hon. W. N. Evans,* Judge.

AFFIRMED.

*Delaney & Delaney* and *R. S. Hogan* for appellant.

The statute declares that notice of such election shall be published for four consecutive weeks, and the honorable Kansas City Court of Appeals in the recent case of State v. Dobbins, 116 Mo. App. 29, held that if such publication of notice was in a weekly newspaper it must be published five times to fulfill the requirements of the

statutes. And that the election should take place on any of the ten days following the fifth publication. And appellant respectfully urges that no law as yet enunciated allows a court to presume the voters took judicial notice that a fifth publication would come out after the polls were opened. And all votes cast before the fifth publication was on the streets were illegal. Therefore the result of the election (legally speaking) is left a matter of conjecture and the finding based thereon utterly void as the return of respondents shows all votes were counted. R. S. 1899, sec. 3029; State v. Dobbins, 116 Mo. App. 29; State ex rel. v. Tucker, 32 Mo. App. 620.

*Green & Green* and *Livingston & Livingston* for respondents.

That twenty-eight days' notice by excluding the first day of publication and including the day of election is sufficient is so well established in this State by all the authorities of this court and the Supreme Court, that it seems useless to argue the publication. In the case of the State v. Tucker, 32 Mo. App. 620, it was held that there must be four weeks' notice—twenty-eight days—of the election, the computation to be made by excluding the first notice and including the day of election. The first insertion of the notice was on the 17th day of September, 1887, and the fourth insertion on the 8th day of October, 1887, and the election was held on the 11th day of October, 1887, thereby giving only twenty-four days' notice before holding said election. The rule laid down in this case is followed in all the subsequent cases in the State. Bean v. Barton County, 33 Mo. App. 635; State v. Coffman, 45 Mo. App. 656; State v. Campman, 75 Mo. App. 188; State v. Martin, 83 Mo. App. 55; 120 Mo. 418; 133 Mo. 346; Young v. Downey, 105 Mo. 317.

GOODE, J.—The board of aldermen of the city of West Plains ordered a special local option election to

be held in said city January 31, 1907. Pursuant to an order of the court the notice of said election was published in the Howell County Gazette, a weekly newspaper of said city, in the issues of said paper January third, tenth, seventeenth, twenty-fourth and thirty-first. The election was duly held pursuant to the notice and resulted in a vote against the sale of intoxicating liquors in said city, and publication of the result was made as required by law. Afterwards relator applied to the county court of Howell county for a license to keep a dramshop in the city of West Plains, and was refused; whereupon he instituted this action for the writ of mandamus to compel the county court to grant the license, and the members of said court returned as ground for their refusal of the license, that by virtue of said election under the local option law, intoxicating liquors could not lawfully be sold in the city of West Plains. Relator filed a motion for judgment on the return, contending the publication of the notice for the election was insufficient and hence the election itself was void. There must be given four weeks or twenty-eight days' notice of an election under the local option law. [State v. Tucker, 32 Mo. App. 620; Bean v. County Court, 33 Mo. App. 635; State v. Kaufman, 45 Mo. App. 659; State v. Brown, 130 Mo. App. 214; Young v. Downey, 150 Mo. 330.] Whether this was done is to be determined by excluding the first day of publication and including the day of the election. [State v. Tucker, supra.] Notice for twenty-eight days or four full weeks was given in the present case, according to the method of computation laid down in the decisions supra, and the case of State v. Dobbins, 116 Mo. App. 29, as far as the point in judgment is concerned, is not in conflict with this ruling. There were five publications here in as many weeks, but we have excluded the day of January third from the count. In the Tucker, Kaufman and Bean cases, the publications of notice plainly fell short of giving twenty-eight days' notice.

The judgment is affirmed. All concur.