E. C. BECKER, Relator, Appellant, v. THE COUNTY COURT OF LAFAYETTE COUNTY et al., Re-. spondents.

**Kansas City Court of Appeals, June 14, 1909.**

1. **LOCAL OPTION ELECTIONS: Time: Statute.** Section 3028, Revised Statutes 1899, provides that a local option election shall not be held within sixty days of any municipal election, and section 4160 provides that the time within which an act is to be done shall be computed by excluding the first day and including the last, a local option election held on February 7th in a city whose municipal election occurs on April 7th following is held in time, the day of the municipal election being reckoned in the computation.

Appeal from Lafayette Circuit Court.—*Hon. Samuel Davis*, Judge.

AFFIRMED.

*R. B. Ruff* and *Wm. Aull* for appellant.

Mandamus is the proper remedy where license is refused by the county court. State ex rel. v. Ruark, 34 Mo. App. 328; St. Louis v. Weitzel, 130 Mo. 600; Bean v. County Court, 33 Mo. App. 635; State ex rel. v. Baker, 32 Mo. App. 98; State ex rel. v. Meyers, 80 Mo. 601; State ex rel. v. Ashbrook, 154 Mo. 388; St. Louis v. Lemp Mfg. Co., 139 Mo. 561; State ex rel. v. Fraker, 166 Mo. 130; State v. Baldwin, 109 Mo. App. 573; Sheridan v. Fleming, 93 Mo. 322; State ex rel. v. Reid, 114 S. W. 1116. The alternative writ

of mandamus may properly run against the justices of the county court by name. Bell v. County Court, 61 Mo. App. 173; County Court v. Sparks, 10 Mo. 117. The petition properly showed compliance with the statute. State ex rel. v. Hudson, 13 Mo. App. 61. And if the election is held within sixty days of such municipal or State election the local option election is void. In re Woolridge, 30 Mo. App. 612; State v. Bowering, 40 Mo. App. 576; State v. Searcy, 39 Mo. App. 393; McCrary on Elections (2 Ed.), 125; 23 Cyc. 100; McPike v. Penn, 51 Mo. 63; Dillon, Munic. Corp., sec. 136; People v. Jackson, 92 Ill. 54; State v. Van Winkle, 25 N. J. L. 73; Dickey v. Hurlbert, 5 Cal. 343; District v. Atherton, 12 Met. 105; Jones v. State, 1 Kan. 273. The statute, section 4160, excludes from the computation of time the day of the municipal election. Sheets v. Wallace, 2 Wall. 176; State v. Harris, 121 Mo. 445; State v. Seaton, 106 Mo. 198; Small v. Edrick, 5 Wend., 137; State v. Hathell, 105 Mo. 603; Boerum v. Betts, 1 Denio (N. Y.) 471; Cornell v. Moulton, 3 Denio 12; Bigelow v. Wilson, 1 Pick. 485; Johnson v. Douglass, 73 Mo. 171; Bank v. Stumpf, 73 Mo. 315; Goldworthy v. Coild, 19 R. I. 323; Bemis v. Leonard, 117 Mass. 502; Lester v. Garland, 15 Ves. 248; Webb v. Fairmaner, 3 M. & W. 473.

*Wm. H. Chiles* and *Chas. A. Keith* for respondents.

The law of the rule for the computation of time has been variously decided in the different jurisdictions of the several States and has been a matter of much contention. Littleton v. Christy's Adm'r, 11 Mo. 390. A statutory rule was first adopted in this State in the Practice Act of 1849 (Session Acts 1849, page 101, Art XXVIII, Section 1). Kim v. Osgood's Adm'r, 19 Mo. 59. The decisions under this statute shows that the Supreme Court has always adhered to

Becker v. Lafayette County Court.

this rule regardless of the peculiar wording of the expression or preposition used in defining the time to be so estimated. Hahn v. Dierkes, 37 Mo. 574; Reynolds v. Railroad, 64 Mo. 70; Johnson v. Douglas, 73 Mo. 168; Huhn v. Long, 122 Mo. 600; Fulkerson v. Murdock, 123 Mo. 292; State v. Simmons, 124 Mo. 443; Linahan v. Bailey, 124 Mo. 560; Graham v. Deguire, 154 Mo. 88.

BROADDUS, P. J.—This is a proceeding to compel, by writ of mandamus, the county court of Lafayette county, to issue to relator a dramshop license in the city of Higginsville, a city of the fourth class and containing twenty-five hundred inhabitants and more.

The only question raised on the appeal and submitted to the court is whether the Local Option Law was in force in said city. The local option election was held on the 7th day of February, 1908, and local option in the city was declared adopted.

The general election of elective officers of said city under the law was held on the first Tuesday of April, 1908, it being the 7th day of April following the date of said local option election.

It is contended that said local option election was void because the same was held within sixty days before said municipal election. Such election, by the provisions of section 3028, Revised Statutes 1899, shall be held within forty days after the receipt of the petition for holding the same, "but not within sixty days of any municipal or State election held in such city." The relator states his position thus: "The local option election in the city of Higginsville was held before the municipal and under the statute must have been not within sixty days of such municipal election or not within sixty days before the day of such municipal election."

His claim is that section 4160 of the statute excludes from the computation of time the 7th of April,

the day on which the municipal election was held. By this rule of computation, the election was held in fifty-nine days from the date of said municipal election. On the other hand, if said date is reckoned in the computation and the day on which the local option election was held is excluded, then there were fully sixty days intervening between the two elections.

Defendant has cited a number of Missouri cases and adjudications from other States to sustain his position; we think they hold otherwise. In State v. Harris, 121 Mo. l. c. 446, it is said, "On the ninth of August leave was granted defendant to file his bill of exceptions sixty days from this date." The bill was filed October 9th. The court said, "Excluding the 9th day of August, the day on which the leave was given, it is clear the sixty days expired October 8th." "A subcontractor's notice of lien given on the 15th February, and a lien filed on the 25th February, is given ten days before the filing of the lien, as required by the statute. The first day must be excluded, and the last included, in computing time within which an act is to be done." [Hahn v. Dierks, 37 Mo. 574.] And it was likewise held in State v. Simmons, 124 Mo. 443; Graham v. Deguire, 154 Mo. 88; Linahan v. Barley, 124 Mo. 560. In all these cases, time is computed chronologically by excluding the first day. The case of Guerney v. Moore, 131 Mo. 650, involved the construction of a Kansas statute and the court expressly called attention to that fact and that the decision was not intended to apply to the Missouri statute. It is therefore not apropos.

But, after all, the defendant's contention is that the date of the municipal election is the beginning— the fixed and ascertained point from which computation is to be reckoned. If such be true, if such election had been held after instead of before the municipal election, the time within which the election was held would be within the sixty days. This seems to

us to be illogical and contradictory. The statute says that said election shall not be held "within sixty days of any municipal election." There is not a case in this State construing statutes of the kind but where time is computed in chronological order. The defendant's contention is ingenious and not altogether illogical, but, the statute providing for computation of time in such cases being arbitrary in its nature, we feel constrained to follow that construction of its meaning as has heretofore been promulgated by the courts of this State.

Affirmed. All concur.