STATE OF MISSOURI, Respondent, v. GRANT SEXTON, Appellant.

Springfield Court of Appeals, February 7, 1910.

1. **CRIMINAL LAW: Violating Local Option Law: Evidence.** As circumstances which the jury had a right to consider in a criminal case for violating the Local Option Law, it was held proper to permit the State to introduce evidence to the effect that several bottles of liquor and a government retail liquor dealer's license made out to the defendant "and company" were found in the defendant's barn, and that shipments of liquor were made to the defendant during the month of the alleged sale.

2. **LOCAL OPTION: Elections: Publication of Notice.** Where a local option election was ordered on May 10th by the county court to be held on June 9th, a notice of said election was published on the 10th, 17th, 24th and 31st days of May and the 9th day of June. *Held*, a proper compliance with the law as to publication of notice.

State v. Sexton.

3. ———: ———: ———: **Rule for Counting Days of Notice** *by Publication.* The rule adopted for counting the twenty-eight days notice necessary for the special election under the local option law is: that the day of the first publication be excluded and the day of the election be included.

4. **CRIMINAL LAW: Misdemeanors: Justices' Courts: Jurisdiction Must be Shown.** Under Revised Statutes 1899, section 2748, as amended by the Laws of 1907, which amendment provides that: "All prosecutions before justices of the peace for misdemeanors shall be commenced and prosecuted in the township where the offense is alleged to have been committed," the jurisdiction of the justice depends upon whether the alleged offense is committed in his township. This must be shown by the evidence, and if it does not appear that the justice had jurisdiction, none was acquired by the circuit court on appeal.

5. **JUSTICES' COURTS: Jurisdiction.** It is a general rule that inasmuch as the justice of the peace has only such jurisdiction as the statute confers upon him, the facts giving such jurisdiction must affirmatively appear on the face of the proceedings.

6. **CRIMINAL LAW: Misdemeanors: Jurisdiction.** The Legislature has the undoubted right in reference to statutory misdemeanors to say in what particular jurisdiction they shall be tried, and to make that jurisdiction exclusive of all others.

Appeal, from Dent Circuit Court.—*Hon. L. B. Woodside,* Judge.

REVERSED AND REMANDED.

*G. C. Dalton* and *W. P. Elmer* for appellant.

If June 9th issue is included in the count, then more than a week—seven days—elapsed from May 31st issue to June 9th, and the continuity of the notice was broken. Notice on election day could serve no purpose. R. S. 1899, sec. 3029; State v. Kampman,. 75 Mo. App. 635; State v. Kaufman, 45 Mo. App. 656; State v. Dobbins, 116 Mo. App. 29; State v. Brown, 130 Mo. App. 214; State ex rel. v. County Court, 122 S. W. 316; State ex rel. v. Tucker, 32 Mo. App. 620.

*Lawrence T. McGee* for respondent.

(1) The Local Option Law was legally adopted, and notice of submission of the question was published as required by law; the law is satisfied if twenty-eight days intervene between the first of the consecutive weekly publications and the day of election. State v. Woldridge 30 Mo. App. 612; State v. Brown, 130 Mo. App. 214; State v. Swearingen, 128 Mo. App. 605; State ex rel. v. County Court, 122 S. W. 316; State ex rel. v. Cordell, 117 S. W. 655. (2) The venue was sufficiently set out; the venue stated in the margin or caption of the indictment is taken to be the venue of all the facts stated in the body of the same, and in this case the township is indicated as "Spring Creek" in the margin and caption. R. S. 1899, sec. 2527; State v. Fenly, 18 Mo. 445; State v. Fraker, 148 Mo. 142; State v. Brown, 159 Mo. 646; State v. Simon, 50 Mo. 370; State v. Dawson, 90 Mo. 149; State v. Keel, 54 Mo. 182.

GRAY, J.—On the 4th day of March, 1909, the prosecuting attorney of Dent county filed an information before a justice of the peace of Spring Creek township in said county, charging the defendant with a violation of the Local Option Law, relating to the sale of intoxicating liquors. A change of venue was taken to another justice of the peace, before whom the defendant was tried and convicted, and appealed to the circuit court of said county, where he was again tried, on the 19th day of April, 1909, and convicted, and his punishment assessed at a fine of $300 and six months imprisonment in the county jail. The defendant has appealed to this court.

The evidence on behalf of the State, tended to prove that the defendant sold a half pint of whiskey to Mark Thornton for thirty-five cents, in February, 1909. After Thornton had testified to the sale, the court permitted evidence to be offered, proving that a government retail liquor dealer's license was found hanging on the

wall of the barn occupied by the defendant, about the time that Thornton testified the sale was made to him. This license stood in the name of Sexton & Company, and it was further shown that the marshal of the city and the deputy sheriff of the county, at the time they found this license, found three quarts of whiskey hid under the hay in the defendant's barn.

The State was permitted to prove by an express agent in the city of Salem, that shipments of intoxicating liquors were made to the defendant during the months of January and February, 1909, and that these shipments came about weekly. The sale to the witness, Thornton, if made, was not at the barn of defendant, but at a distant place. We see no error in admitting the above testimony. The government license to retail intoxicating liquors and running in the name of Sexton & Company, and posted on the wall of the barn occupied by the defendant, was a circumstance that the jury had the right to consider, in passing upon the question whether or not the defendant was selling intoxicating liquors in violation of the Local Option Law. The fact that he was receiving, several times each month, shipments of intoxicating liquors, was also a circumstance to be submitted to the jury.

It is urged by the defendant, that the Local Option Law has never been legally put in force in Dent county, for the reasons that the notice of the special election was not published for the requisite length of time, and that proper notice of the result of the election was not given. The election was ordered by the county court on the 10th day of May, 1906, and was called for the 9th day of June, 1906. It was ordered by the court that publication be made, notifying the voters of the purpose of the election, and that the same be published in the Salem Monitor, a newspaper published in said county, for four consecutive weeks. The facts shown by the evidence are, that the notice was published on the 10th,

17th, 24th and 31st days of May, and the 9th day of June, 1906.

The rule adopted for counting the twenty-eight days' notice necessary for the special election under the Local Option Law is: That the day of the first publication be excluded, and the day of the election included. [State ex rel. v. Cordell, 117 S. W. 655; State v. Tucker, 32 Mo. App. 620.]

In State ex rel. v. Cordell, *supra*, the last publication was on the day of the election, and the St. Louis Court of Appeals, in an opinion by Judge Goode, rendered on the 23rd day of March, 1909, held the notice sufficient.

The county court, at its August term, made a complete record of the action of the court in declaring the result of the election, and ordered the same to be published for four weeks in the said Salem Monitor, and the evidence showed that the notice was published in accordance with this order of the court. In our judgment, the evidence showed that the Local Option Law had been legally adopted.

The information was filed before a justice of the peace of Spring Creek township, but there was no evidence offered to prove that the offense was committed in Spring Creek township. In 1907, section 2748 of the Revised Statutes 1899, was amended and the following added thereto: "Provided, that all prosecutions before justices of the peace for misdemeanor shall be commenced and prosecuted in the township wherein the offense is alleged to have been committed." It is claimed by appellant that this is jurisdictional and must be shown by the record.

So far as we have been able to ascertain, this amendment has never been construed by the appellate courts of this State. It is a general rule, that inasmuch as the justice of the peace has only such jurisdiction as the statute confers upon him, the facts giving such jurisdiction must affirmatively appear on the face of the proceedings. [Barnes v. Plessner, 121 Mo. App. 677,

97 S. W. 626; Shaw v. Railroad, 110 Mo. App. 561, 85 S. W. 611; Patchen v. Durrett, 116 Mo. App. 437, 92 S. W. 721; Warden v. Railroad, 78 Mo. App. 664; Briggs v. Railroad, 111 Mo. 168, 20 S. W. 32.]

It must also be conceded by this court, that the Legislature has the undoubted right, in reference to statutory misdemeanors, to say in what particular jurisdiction they shall be tried, and to make that jurisdiction exclusive of all others. [State v. Gordon, 50 Mo. 383; State v. Hall, 189 Mo. 262, 87 S. W. 1181.]

In State v. Hall, the defendant was charged with murder in the second degree. The Act of March, 1897, provided that the circuit court of Lewis county should hold two of its terms each year in the town of Canton, and said court, while holding its terms at Canton, was restricted to jurisdiction in those cases alone, which arose in a certain part of Lewis county. It was claimed that it must affirmatively appear in the information filed in said court, that the offense complained of was committed in the part of the county over which said court had jurisdiction. The court held, that inasmuch as the court was one of general criminal jurisdiction, it was not necessary to state such fact in the information. Unless the court was of the opinion that such an allegation is necessary in an information filed before a court of limited jurisdiction, there was no reason for the court limiting its declaration to courts of general jurisdiction.

While the statute, prior to the amendment, made the jurisdiction of the justices in criminal cases, concurrent with the circuit court, coextensive with their respective counties, yet the amendment is mandatory, and provides that all prosecutions for misdemeanors shall be commenced and prosecuted in the township wherein the offense is alleged to have been committed; provided, that the defendant may take a change of venue as in other criminal cases.

Does the word "alleged" in the statute, have refer-

ence to the place named in the information, and that the information must state the township in which the offense was committed; or, does it mean that the prosecution shall be commenced before some justice of the peace in the township in which the alleged offense was committed? Prior to this amendment, the prosecution could be instituted before any justice of the peace of the county in which the offense was committed. If it has reference to the allegation in the information, then under section 2527, Revised Statutes 1899, the naming of the township in the margin of the information, is sufficient to give the justice jurisdiction, no matter in what township the offense was really committed.

We believe it was the intention of the Legislature that the prosecution should be commenced in the township in which the alleged offense was committed. If this is true, we can see no reason why the State should not be required to prove the township in which the offense was committed, the same as it has to prove the county in which the offense was committed.

In McCarg v. Burr, 186 N. Y. 467, the plaintiff sued a justice of the peace for false imprisonment. The defendant had issued a warrant for the arrest of plaintiff and made it returnable before him as justice of the peace. The law provided that a justice, when satisfied that a crime has been committed, should issue his warrant directing that the defendant be brought before him, but if the offense was committed in another town, then the justice must direct that the defendant be brought before a justice of the town in which the offense was committed. It was claimed that the defendant issued the warrant and made it returnable before himself, instead of before a justice of another town, where it was claimed the offense was committed. The court held that the defendant had no jurisdiction to try the plaintiff for the alleged offense; the warrant was invalid and void, and all acts of the defendant subsequently thereon were without jurisdiction, and that the defendant was

a trespasser. In speaking of the duty of the justice, the court said: "It behooved him, in taking cognizance of the offense complained of, to look into the provisions of the statute, and, had he done so, his lack of jurisdiction would have been apparent. The objection of the plaintiff to the jurisdiction of the justice was, always, available to him and he was entitled, at any time, to insist that he could not be held nor tried for the alleged offense."

The jurisdiction of the justice before whom this information was filed, depended upon the question as to whether the alleged offense was committed in his township. As the evidence does not disclose, we cannot say that the justice had jurisdiction to try the defendant, and if no jurisdiction was in the justice court, none was acquired by the circuit court on appeal.

On a new trial, it can be shown in what township the offense was committed, and for this reason, we reverse the judgment and remand the cause for new trial. All concur.