# C. W. STANDEFER et al., Appellants, v. C. W. DYKEMAN et al., Respondents.

**Springfield Court of Appeals, December 5, 1910.**

1. **LOCAL OPTION ELECTION: Sufficiency of Notice.** Where the notice calling for a local option election included a copy of an order of the court calling the election, and was signed by the clerk and attested with the seal of the court, it was *held* sufficient.

2. ————: ————: **Publication.** The statute provides that notice shall be published for four consecutive weeks, and the last insertion shall be within ten days next preceding the election. Under this statute it is the settled law of this state that four weeks' notice means twenty-eight days' notice, and a less time than this is insufficient.

3. ————: ————: ————: **Computing Time.** In computing time for the publication of the notice for a local option election, it is the rule to exclude the first day of publication, and include the last day; hence, where the publication was begun on January 6, and ended on February 3, on which last day the election was held, the twenty-eight days' notice required by the statute was found to have been given by excluding January 6, and including February 3.

Appeal from Jasper Circuit Court.—*Hon. Henry L. Bright,* Judge.

AFFIRMED.

*M. R. Lively* for appellants.

(1) The notice called for by the law is absolutely essential to the validity of an election. State ex rel. v. Tucker, 32 Mo. App. 627; McPike v. Penn, 51 Mo. 63; Stevens v. People, 89 Ill. 337. (2) To adopt the Local Option Law there must be four weeks' (twenty-eight days) notice of the election. Bean v. County Court, 33 Mo. App. 635; State v. Coffmann, 45 Mo. App. 656; State v. Circe, 39 Mo. App. 398. (3) Where the notice is published in a daily newspaper there must

be twenty-eight days' publication, excluding the first and including the last day authorized by the statute (section 3029), the day next before the election and the last day authorized by the order of the county court, in this instance, February 2, 1910. State v. Dobbins, 116 Mo. App. 29; State v. Martin, 83 Mo. App. 55; State ex rel. v. Rod & Gun Club, 121 Mo. App. 364; Young v. Downing, 150 Mo. 317.    (4) The order of the county court calling a local option election should specify and fix the period in which the last publication should be made. State v. Kellogg, 133 Mo. App. 431, 113 S. W. 660.    (5) The court fixed the day next before the election, to-wit, February 2, 1910, as the last day of the publication, twenty-seven days' notice, under the rule of computation the notice was void, the order was void, the election was illegal. Mc-Pike v. Penn, 51 Mo. 63; State v. Coffmann, 45 Mo. App. 656; State v. Dobbins, 116 Mo. App. 29.

*B. H. Coon, H. L. Shannon, J. H. Dryden* and *M. G. McGregor* for respondents.

(1)    The order for the election complies with the law in every particular and finds and recites all the facts required by the Local Option Law, and cannot be attacked collaterally. R. S. 1909, secs. 7238, 7240, 7241; State v. Searcy, 39 Mo. App. 400; State v. Kellogg, 133 Mo. App. 435; State v. Hitchcock, 124 Mo. App. 103; State v. Mackin, 51 Mo. App. 308; State ex rel. v. Weeks, 38 Mo. App. 572; State v. McCord, 207 Mo. 526.    (2) The notice of the election was duly published for the length of time and in the manner required by the statute. In re Wooldridge, 30 Mo. App. 616; State v. Sexton, 141 Mo. App. 698; State ex rel. v. Cordell, 137 Mo. App. 207; State v. Tucker, 32 Mo. App. 620.    (3) It is sufficient that the county court orders notice published and that its clerk carried out

its order. R. S. 1909, sec. 2685; State v. Baldwin, 109 Mo. App. 577; State v. Brown, 130 Mo. App. 219. (4) In making the computation, the words "next before" differ in no particular from the word "before." Every notice must be before, not after. The authorities are all agreed that this is a sufficient notice and are all against the contention of the appellants. R. S. 1909, sec. 8057; State v. Brown, 130 Mo. App. 219; State v. Cambpell, 137 Mo. App. 107; State v. Dobbins, 116 Mo. App. 29; State v. Sexton, 141 Mo. App. 698; State ex rel. v. Cordell, 137 Mo. App. 207; Becker v. County Court, 138 Mo. App. 248.

COX, J.—This is a proceeding by which plaintiffs seek to enjoin the defendants, who are the judges and clerk of the county court of Jasper county, from appointing judges of election and expending any money for the purpose of conducting an election under the Local Option Law for the county of Jasper outside of the cities of Joplin, Webb City, Carterville and Carthage. The order for election was made on the fifth day of January, 1910, for the election to be held on the third day of February, 1910. An application was made to the circuit judge for a temporary restraining order which was denied, and the election was held on the third day of February, as provided by the order of the court. The case was tried on the seventh day of March, 1910, the plaintiffs' bill dismissed, judgment rendered against them for costs and they have appealed to this court.

It will be seen by this statement that at the time the case was tried all of the things sought to be enjoined in this proceeding had already taken place, but that point is not now urged as a reason for affirming the judgment and the case stands before us on the question of the validity of the election. The election was ordered on January fifth, held on February third, re-

sulting in a majority against the sale of intoxicating liquors. Notice of this election was ordered published in the Carthage *Evening Press,* a newspaper published in the county, issued daily except Sunday, and was published in this paper on January sixth and each succeeding day, except Sunday, up to and including February third, the day on which the election was held.

Plaintiffs assign as error, first, that the court ordered the clerk to give notice and contend that this was not sufficient; second, that in publishing the notice of the election it was necessary to give twenty-eight days' notice and that in making this computation the day of the election and the day of the first publication of the notice should both be excluded.

As to the first contention that the order to the clerk to give a notice was insufficient, it is sufficient to say that the notice given in this case included a copy of the order of the court calling the election, was signed by the clerk and attested with the seal of the court and was sufficient. [State v. Brown, 130 Mo. App. 214, 109 S. W. 99.]

The statute provides that notice shall be published for four consecutive weeks, the last insertion shall be within ten days next preceding the election. Under this statute it is the settled law of the state that four weeks' notice means twenty-eight days' notice, and a less time than this is insufficient. [In re Wooldridge, 30 Mo. App. 612; State ex rel. v. Tucker, 32 Mo. App. 620; Leonard v. Saline County Court, 32 Mo. App. 633; State v. Kampman, 75 Mo. App. 188.]

In computing the time, however, the day of the first insertion of the notice is to be excluded and the day of the election is to be included. [State v. Tucker, 32 Mo. App. 615; State v. Brown, 130 Mo. App. 214, 109 S. W. 99; State ex rel. v. Cordell, 137 Mo. App. 207, 117 S. W. 655; Becker v. Lafayette County Court, 138 Mo. App. 248, 119 S. W. 985; State v. Sexton, 141

Mo. App. 698, 125 S. W. 519.] The publication in this case was begun on January sixth and ended on February third, the day the election was held, and by excluding January sixth and including February third, twenty-eight days' notice was given, and, under the authorities above cited, was sufficient. Judgment affirmed. All concur.